## RISSER ET AL. v. DUNGAN ET AL.

[No. 4,890.　Filed October 13, 1904.　Rehearing denied January 4, 1905.]

1. APPEAL AND ERROR.—*Parties to Issue.*—*Failure to Make Appellees.*—*Dismissal.*—Where, in an action by a judgment lienor against a prior mortgagee, a subsequent mortgagee, several judgment lienors, the purchaser at administrator's sale and such purchaser's mortgagee, to subject certain property to the payment of plaintiff's judgment lien, and to have such subsequent mortgage declared an inferior lien to such judgment, the failure to make such subsequent mortgagee a party on appeal is fatal, since the Appellate Court can not properly pass on an assignment of errors in which such mortgagee's interest is involved, when such mortgagee is not before the court.

From Huntington Circuit Court; *James C. Branyan,* Judge.

Action by Melissa Risser against Jesse M. Dungan and others. From a decree in favor of defendants, the plaintiff and certain cross-complainants appeal. *Dismissed.*

*M. L. Spencer* and *W. A. Branyan,* for appellants.

*R. A. Kaufman, C. W. Watkins* and *H. C. Morgan,* for appellees.

BLACK, C. J.—A complaint was filed in the Wells Circuit Court by John Lew to subject certain land in Wells county to the payment of a judgment recovered by him in that county against William Carger, who, being seized of the land in question died, intestate, in Huntington county,

where administration of his estate was had, in the course of which the land had been sold, on the petition of the administrator, for the payment of debts of the decedent. In the case instituted by John Lew, the venue having been changed to the court below, Melissa Risser, one of the appellants, as the assignee of John Lew, was substituted in his stead as the plaintiff, and filed her amended complaint, in which she showed the recovery of the judgment above mentioned, and facts making it a lien on said land, and the assignment to her, and alleged that it remained wholly unpaid; also, the death in Huntington county of the judgment defendant, and the appointment of an administrator of his estate, who entered upon the duties of the trust, and instituted proceedings in the Huntington Circuit Court, where the administration was pending, for the purpose of subjecting the real estate of the decedent to sale to make assets with which to pay the debts and costs of administration, alleging in his petition that the personal estate was about $400, and that claims had been filed and allowed to the amount of $3,000, and making parties thereto the heirs at law of the decedent and the Aetna Life Insurance Company, and showing that the insurance company held a mortgage on said real estate which remained unpaid, and that four persons named, made defendants in said petition, who were children of the decedent, also held a mortgage on said real estate junior to that of the insurance company; that such proceedings were had upon said petition that the court ordered the real estate to be sold to pay debts of the estate generally, and that no order was made directing the sale of the land to be made free of liens, and that holders of judgments were not made parties to the petition or in any of the proceedings thereunder; that the judgment held by the plaintiff is a valid and subsisting lien upon said real estate; that, after the entry of the decree, the administrator caused the land to be appraised and advertised, and sold it for $2,800 to Jesse M. Dungan, who paid the pur-

chase price, which, pursuant to the order of the court, the administrator applied as follows: $300 to the payment of taxes, $2,000 to the payment of said Aetna Life Insurance Company's mortgage, and the balance of $500 upon the mortgage held by said four children of the decedent, and nothing remained for other purposes, and the estate was insolvent and was settled as such, and the administrator paid $10 on the expenses of the sale, which was reported to the court and confirmed, and a deed was ordered to be made to the purchaser, and accordingly the administrator conveyed to said Dungan said real estate described, which was the only real estate of which the judgment debtor died seized; that Dungan, made a defendant herein, took possession thereof, and still holds the title so conveyed, subject to the lien of the plaintiff's judgment, and refuses to pay the judgment or any part thereof; that certain persons named and made defendants herein held judgments rendered against said William Carger at different dates, which the holders claimed to be liens against said real estate, and they were made parties defendant herein to answer concerning the same; that the Michigan Mutual Life Insurance Company, also made a defendant, holds a mortgage on the land executed by defendant Dungan, which was junior and subject to the plaintiff's judgment; that the said four children of the decedent, named, claim some interest in the land adverse to plaintiff's said interest, by a mortgage of later date than that at which said judgment became a lien, and they are made defendants in the case at bar "that they be bound by the decree to be rendered herein." "Wherefore plaintiff asks judgment against all the defendants, and a decree declaring her said judgment, with interest and costs, a general lien upon the tract of land hereinbefore described, and that she have a decree of foreclosure of such lien, and an order of sale of said land to pay her said judgment, without relief from valuation and appraisement laws, and for all other proper relief."

Other holders of judgments rendered against decedent in his lifetime in Wells county, who were defendants herein, filed cross-complaints, which appear in the record here, like that of the plaintiff. Upon the averments of the complaint and the cross-complaints of the holders of judgments, the mortgage to the Aetna Life Insurance Company was of prior date, and constituted a lien superior to all the judgments; but the mortgage to the four children of the decedent was alleged to be of later date than the judgments. The defendants Dungan and the Michigan Mutual Life Insurance Company also filed pleadings set out in the record, on which issues were formed. Said four children of the decedent, mortgagees, also appeared in the action, but their pleadings are not in the record.

The cause was tried by the court, and a special finding was made, on which judgment was rendered. A number of the parties holding judgments, the liens of which they sought by their complaints to foreclose against the land, have appealed, making the defendants Jesse M. Dungan and the Michigan Mutual Life Insurance Company alone appellees, and assigning error in certain of the conclusions of law stated by the court, among which was one in which the court concluded that before any of the parties seeking to revive their judgments against the land should have any relief against the defendant Dungan, such party should be bound in this suit by the payment of the amount of the mortgage to the Aetna Life Insurance Company, which the finding of facts showed to have been paid in full out of the proceeds of the sale; also the amount of the taxes found to have been paid; also the amount of the mortgage to the four children of the decedent, of which the finding showed that but a comparatively small portion had been paid.

1.    The Aetna Life Insurance Company was not a party, nor was a personal representative of the decedent a party, and none of the heirs at law of the decedent as such were made parties, though four of his children, as mortgagees,

were parties, as before stated. No question was made in the court below as to who should be made parties. It is manifest that the parties seeking to enforce payment of the judgments, against whom judgments were rendered herein, who have assigned errors here against the defendants Dungan and the Michigan Mutual Life Insurance Company, sought relief against the four children of the decedent as mortgagees, whose mortgage the holders of the judgment liens sought to subordinate to such liens, the question of priority as to that mortgage and such judgment liens not having been determined in the proceeding of the administrator for the sale of the land, to which the holders of the judgment liens were not parties. We can not properly pass upon an assignment of error to which those mortgagees are not parties, and in which their interests are involved.

Therefore the appeal is dismissed.